IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
NORTH CAROLINA
GREENVILLE DIVISION
No. 4:03-cv-157-H2

FILED OCT 23 2003

| | |
|---|---|
| PETER HUNT and wife, ) | |
| SHARON HUNT, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | (FEDERAL TORT CLAIM) |
| UNITED STATES OF AMERICA, ) | |
| DYNCORP, ) | |
| and STEVEN ALAN KLOTZ, ) | |
| Defendants. ) | |

THE PLAINTIFFS, complaining of the defendants, allege and say:

**PARTIES/JURISDICTION**

1. This action arises under the Federal Tort Claims Act and is brought pursuant to 28 U.S.C. § 1346 et seq. Alternatively, jurisdiction in this action, as to the defendants, Dyncorp and Steven Alan Klotz, is founded on diversity of citizenship, in that plaintiffs are citizens of the State of North Carolina; Dyncorp is a corporation incorporated under the laws of the State of Delaware having its principal place of business in a State other than the State of North Carolina; and the defendant, Steven Alan Klotz, upon information and belief, is a citizen of the State of Maryland. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Alternatively, jurisdiction in this action is founded on the existence of standard of care questions arising under particular statutes, specifically, under the Federal Motor Carrier Safety Regulations in Chapter 49 of the Code of Federal Regulations.

PREPARED BY:
ROBERT C. DODGE
ATTORNEY AT LAW
402 TURNER STREET
P.O BOX 1062
BEAUFORT, NC
(252)728-4266

SCANNED

2. On April 8, 2003, pursuant to 28 U.S.C. § 2671, an administrative claim was filed for injuries in this case to the Commanding Officer, Naval Legal Service Office, Mid-Atlantic Claims Department, Norfolk, Virginia. More than six (6) months have elapsed since the filing of said administrative claim and plaintiffs have elected to treat said passage of time as a denial of said claim.

3. The plaintiffs are residents of Carteret County, North Carolina and were injured by an act or omission of an employee or agent of the United States of America (sometimes hereinafter referred to as the defendant America) which occurred on U.S. Highway 70 near Beaufort, Carteret County, North Carolina within the Eastern District of North Carolina.

4. Upon information and belief, the defendant Dyncorp was at all times material herein a Delaware corporation authorized to do business and doing business within the State of North Carolina and Carteret County. Dyncorp's Registered Agent is C T Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

5. Upon information and belief, the defendant, Steven Alan Klotz (sometimes hereinafter referred to as the defendant Klotz), is a natural person more than 18 years of age and a citizen and resident of Brandywine, Maryland.

6. The plaintiff is advised, believes and so avers that at all times material herein, defendant Klotz was an employee, an agent, or a servant of the defendant Dyncorp, and was acting within the course and scope of his agency, authority, or employment and with the knowledge and consent of the defendant Dyncorp. In accordance with the principle of *Respondeat Superior*, defendant Klotz' negligence is imputed to the defendant Dyncorp by operation of law.

7. When any reference is made herein to the term "defendant America," this shall refer not only to the defendant America individually, but shall also include its respective employees,

agents, servants, contractors, subcontractors, and, if applicable, their successor and predecessor corporations, partnerships, or companies, subsidiaries, divisions and assigns, and in all respects, those persons acting at the direction of, on the behalf of, or at the request of the said defendant America, including, but not limited to, the defendants Dyncorp and Klotz.

8. When any reference is made herein to the term "defendant Dyncorp," this shall refer not only to the defendant Dyncorp, individually, but shall also include its respective employees, agents, servants, contractors, subcontractors, and, if applicable, their successor and predecessor corporations, partnerships, or companies, subsidiaries, divisions and assigns, and in all respects, those persons acting at the direction of, on the behalf of, or at the request of the said defendant Dyncorp, including, but not limited to, the defendant Klotz.

9. The plaintiff is advised, believes and so avers that at all times material herein, the defendant Dyncorp, by and through its agents, servants, workmen, and employees, including the defendant Klotz, was operating a motor vehicle owned by defendant America, with the permission of, and as an agent or employee of, the aforesaid defendant America, and was acting within the scope and authority of their employment and/or agency with the said defendant America, and therefore, the defendant America is liable in all respects with defendant Dyncorp, by and through its agents, servants, workmen, and employees, including the defendant and Klotz, under the doctrine of *Respondeat Superior*.

10. The Federal Motor Carrier Safety Regulations, having been adopted and incorporated in their entirety by North Carolina's legislature, were in full force and effect throughout the State of North Carolina at all times relevant hereto.

## FACTUAL ALLEGATIONS

11. On August 16, 2001, at approximately 6:35 p.m., the plaintiff, Peter Hunt, was the

owner and operator of a 1998 Dodge Dakota pick-up truck (hereinafter referred to as the plaintiff's vehicle), traveling in an *eastbound* direction on U.S. Highway 70, near Beaufort, Carteret County, North Carolina.

12. At the same time and place described herein, defendant America was the owner of a 1997 International transfer truck with a Gross Vehicle Weight Rating (GVWR) of 80,000 pounds, which was connected to a trailer 40 feet in length and 96 inches wide, bearing U.S. permanent plate number 9646633 (sometimes hereinafter referred to as the defendants' vehicle), and being operated by defendant Klotz as an agent or employee of defendant Dyncorp in a *westbound* direction on U.S. Highway 70.

13. As the defendants' westbound vehicle approached the plaintiff's eastbound vehicle, the defendants' vehicle came up behind a third motor vehicle stopped in its westbound lane of travel, waiting to make a left turn into a private drive immediately prior to a sharp left-hand curve in the highway.

14. At the time and place described herein, defendant Klotz proceeded westbound at a substantial rate of speed relative to the aforementioned curve in the highway, including the third motor vehicle that was stopped in its lane of travel immediately prior to the said curve. Defendant Klotz, therefore, being unable to stop, swerved the defendants' vehicle left-of-center, across double-yellow lines, and into the eastbound lane of travel, so as to avoid a rear-end collision with said third motor vehicle; as a result thereof, defendants' vehicle began to jack-knife and went out of control, skidding some 88 feet before striking, with tremendous force, the plaintiff's oncoming vehicle within the eastbound lane of U.S. Highway 70.

## NEGLIGENCE OF DYNCORP AND STEVEN KLOTZ

15. Then and there, the defendant Dyncorp, by and through its agents, servants,

workmen, and employees, including the defendant Klotz, was negligent in the operation of said 1997 International transfer truck owned by the defendant America, to wit:

a. Defendant operated a motor vehicle upon a public highway, into a curve where a vehicle was stopped waiting to turn, at a speed greater than was reasonable and prudent under the circumstances then and there existing, in violation of G.S. § 20-141(a);

b. Defendant failed to keep a reasonably careful and proper lookout in his direction of travel, in violation of the common law duty to maintain proper control over said vehicle;

c. Defendant failed to keep the motor vehicle that he was operating under reasonable and proper control, in violation of the common law duty to maintain proper control over said vehicle;

d. Defendant drove a motor vehicle left of center, in violation of G.S. § 20-146;

e. Defendant failed to keep a reasonable and proper distance between his motor vehicle and the aforementioned third motor vehicle, in violation of G.S. § 20-152;

f. Defendant failed to apply the brakes of his motor vehicle in a reasonable and proper manner;

g. Defendant swerved a transfer truck left into oncoming traffic, as opposed to swerving right, and otherwise failed to maneuver said vehicle in such a way as to avoid a head-on collision with the plaintiff's oncoming vehicle;

h. Defendant knew, or should have known, that his decision to swerve the defendants' transfer truck left, into oncoming traffic, would further aggravate the already serious hazard that defendant had created by approaching the aforementioned curve and third motor vehicle in the manner described hereinabove;

i. Upon information and belief, defendant drove a commercial motor vehicle when he was not properly trained to do so, thereby leaving him unprepared to negotiate the conditions present on August 16, 2001 as described in this Complaint;

j. Defendant operated a 1997 International transfer truck and trailer without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger persons or property, in violation of G.S. § 20-140; and

k. Defendant was in all respects negligent and grossly negligent as will be proven at trial.

## INJURY ALLEGATIONS

16. As a direct and proximate result of the negligence of the defendants as aforesaid, the plaintiff, Peter Hunt, was thrown violently about the interior of the motor vehicle he was driving, causing his body to strike various parts of the same, therefore, causing him to sustain both temporary and permanent injuries, including, but not limited to, the following:

   a. Loss of breath;

   b. Dizziness, nausea and vomiting;

   c. Bleeding;

   d. Left chest contusions, rib pain, bilateral chest pain, and painful deep breathing;

   e. Laceration, right hand, including 3rd and 4th fingers;

   f. Abrasion, contusion, stiffness, crepitus, swelling, sprain, and patella tendonitis, right knee;

   g. Bilateral knee pain;

   h. Contusion, right elbow;

i. Ulnar neuropathies at the elbows on the bilateral sides, which are mild to moderate in degree electrically, producing paresthesia and requiring surgery for repair;

j. Bilateral upper as well as lower extremity radiating pain and numbness which has produced weakness in both the upper and lower extremities;

k. Cervical strain;

l. Chronic cervical radiculopathy;

m. Right shoulder sprain and bursitis, including decreased ranges of motion, and crepitus;

n. Shoulder pain which radiates down both arms, including right biceps pain and numbness in the 2nd through 5th digits of the right hand;

o. Thoracic strain;

p. Lumbar strain;

q. Lumbar radiculalgia;

r. Mid to lower back pain with radiation of pain around to the chest and down both legs;

s. Connective tissue injury associated with the plaintiff's spine, spinal joints, related muscle integrity and tissue changes, including severe muscle spasm throughout the various muscle groups in the back, as well as chronic muscle spasm with multiple tender points particularly at the trapezius, levator scapula and paraspinal muscles;

t. Chronic myofascial pain syndrome;

u. Activation or reactivation of a disease or aggravation of an existing condition, namely, moderate to severe degeneration along the plaintiff's entire spinal column;

v. Side effects from prescription medication;

w. Chronic pain, suffering, discomfort, impairment, disability, and decreased activities of daily living;

x. Extreme mental anguish, unresolved anxiety, post-traumatic tension, emotional distress and pressure, including panic attacks which have produced a pounding heartbeat, associated shortness of breath, sweating, and sleep deprivation, diagnosed as posttraumatic stress secondary to the transfer truck versus motor vehicle collision and requiring medication for treatment thereof;

y. Persistent and unremitting depression;

z. Humiliation;

aa. Restlessness and sleep disturbances; and

bb. Apathy, loss of confidence, worry, concern, withdrawal from family, social and business relationships.

## DAMAGES

17. As a proximate result of the aforedescribed negligence which is imputed to the United States of America, the plaintiff, Peter Hunt, has suffered, and will continue to suffer, great pain of body and mind; has incurred to date medical expenses in an amount in excess of Thirty Five Thousand and 00/100 Dollars ($35,000.00); will continue to incur medical expenses in an (unadjusted) amount in excess of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00); has sustained a loss of income, including earning capacity, in an (unadjusted) amount in excess of One Million Six Hundred Thousand and 00/100 Dollars ($1,600,000.00); and was otherwise severely injured and damaged.

## LOSS OF CONSORTIUM

18. At all times prior to August 16, 2001, the plaintiff, Peter Hunt, was the husband and

spouse of the plaintiff, Sharon Hunt; that said plaintiffs resided together as husband and wife in the community of Atlantic, Carteret County, North Carolina; that the plaintiff, Peter Hunt, was a good and dutiful husband in all respects to the plaintiff, Sharon Hunt; and that the plaintiff, Peter Hunt, was physically and mentally healthy, active, alert, loving, kind and affectionate, and caring for his wife, in all respects whatsoever; that the plaintiff, Peter Hunt, and his wife had enjoyed all the benefits, duties and responsibilities of a lawful marriage, one to the other, including, but not limited to, mutual services, companionship, society, affection, sexual relationship, kindly offices, advice, guidance and admiration.

19. As a direct and proximate result of the negligence of the defendants as hereinabove alleged, the plaintiff, Sharon Hunt, has lost and will continue to lose consortium with her husband, Peter Hunt; and said loss of consortium includes, but is not limited to, those matters and things set forth immediately hereinabove in paragraph 18 of this Complaint.

## DIRECT NEGLIGENCE OF DYNCORP

20. In addition to the foregoing facts and allegations of negligence, including those invoking the doctrine of *Respondeat Superior*, which are realleged by reference as if fully set forth herein, defendant Dyncorp was individually, directly negligent in causing the plaintiff's injures, as follows:

    a. Upon information and belief, defendant Dyncorp negligently hired and/or retained defendant Klotz, prior to obtaining a complete background check including, but not limited to, driver violations, previous employers, and a drivers history, in violation of 49 CFR § 391.15;

b. Upon information and belief, defendant Dyncorp failed to properly train, instruct, and/or supervise defendant Klotz regarding various safety measures specified in 49 CFR as adopted by North Carolina;

c. Upon information and belief, defendant Dyncorp assigned or dispatched defendant Klotz, a driver not qualified to safely operate a transfer truck and trailer of the type described in paragraph 12 of this Complaint;

d. Upon information and belief, defendant Dyncorp failed to incorporate and utilize the Federal Motor Carrier Safety Regulations during its daily course of business as an authorized motor carrier; and

e. Upon information and belief, defendant Dyncorp knowingly permitted its employee drivers to operate commercial motor vehicles at speeds excessive for circumstances and conditions.

21. Upon information and belief, said acts or omissions on the part of the defendant Dyncorp resulted in defendant Klotz driving too fast for circumstances and conditions in this case (approaching a sharp curve in a highway where a vehicle was stopped to make a left turn), including his failure to take proper evasive maneuvers to avoid a head-on collision with the plaintiff's oncoming vehicle; moreover, the aforementioned negligent conduct by defendant Dyncorp was a direct, foreseeable, and proximate cause of the plaintiff's injuries.

## PUNITIVE DAMAGES

22. Plaintiffs incorporate by reference hereto all allegations set forth in paragraphs 1 through 21 above.

23. Plaintiffs seek extracompensatory damages for the purposes set forth in N. C. Gen. Stat. § 1D-1 and based upon the wrongful acts of the defendants as specifically described

and alleged hereinabove (paragraphs 11 – 15 as to the defendant Klotz; paragraph 20 as to the defendant Dyncorp), which conduct was in reckless and wanton disregard and indifference to the rights and safety of the plaintiffs or others similarly situated, which defendants knew or should have known was reasonably likely to result in injury, damage, or other harm. In accordance with N.C. Gen. Stat. § 20-388, the willful act of defendant Klotz, as an agent or employee of a motor carrier acting within the scope of his official duties of employment, shall be deemed to be the willful act of the defendant Dyncorp.

WHEREFORE, the plaintiffs pray judgment of the Court that they have and recover of the defendants, jointly and severally, the sum of Two Million Five Hundred Thousand and 00/100 Dollars ($2,500,000.00), together with the costs of this action and such further relief from the Court as might be appropriate. **Trial by jury is demanded by the plaintiffs.**

This the 21 day of October, 2003.

_____
Robert C. Dodge
Attorney for Plaintiffs
402 Turner Street
Post Office Box 1062
Beaufort, North Carolina 28516-1062
(252) 728-4266
Fax (252) 728-4598
State Bar No. 15846